UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22700-BLOOM/Otazo-Reyes**

EDDY MARTINEZ,

    Plaintiff,

v.

MIAMI CHILDREN'S HEALTH SYSTEM,
INC. and NICKLAUS CHILDREN'S HEALTH
SYSTEM EXECUTIVE SEVERANCE POLICY,

    Defendants.
_____/

**ORDER ON MOTION FOR MORE DEFINITE STATEMENT**

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant Eddy Martinez's ("Plaintiff" or "Martinez") Motion for a More Definite Statement, ECF No. [49] ("Motion"). Defendant's Miami Children's Health System, Inc. and Nicklaus Children's Health System Executive Severance Policy (together, "NCHS" or "Defendants") filed a Response, ECF No. [50], to which Plaintiff filed a Reply, ECF No. [52].[1] The Court has carefully considered the party's submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

This case concerns Martinez's alleged wrongful termination for cause from Nicklaus Children's Hospital, without severance pay, and defamatory statements made after his firing. ECF No. [1-2] ¶ 8. On January 10, 2022, NCHS filed its Answer and Affirmative Defenses, which also asserts a counterclaim against Martinez. *See* ECF No. [42] ("Counterclaim"). On February 4, 2022,

---

[1] The Court set the Motion for hearing on May 9, 2022. *See* ECF No. [51]. Upon Defendants' unopposed request, the Court continued the hearing to be reset at a later date. *See* ECF No. [54]. In order to avoid further delay, the Court has reviewed the Motion and associated filings and enters this Order, rather than resetting the hearing.

when Martinez failed to timely respond to the Counterclaim, the Court entered an order directing Martinez to file his response by February 4, 2022. ECF No. [43] ("Order"). Following another extension of time, *see* ECF No. [45], Plaintiff filed the instant Motion on April 8, 2022.

In the Motion, Martinez argues that he cannot respond to the Counterclaim because he cannot discern on whose behalf the Counterclaim is asserted, since "Nicklaus Children's Health System" is not a party in this case, and the Counterclaim identifies another non-party, "Nicklaus Children's Hospital," in its Introduction section. *See* ECF No. [42] ¶ 2. In response, NCHS asserts that the Motion should be denied because Martinez failed to confer prior to filing, and that in any event, any confusion asserted by him with respect to which entity is asserting the Counterclaim is belied by his own references to NCHS in this case and publicly available information. Defendants request that the Court award them their fees and costs associated with responding to the Motion.

Under Rule 12(e) of the Federal Rules of Civil Procedure, "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Since courts have liberally construed the pleading standard under Rule 8(a), "a short and plain statement" will be enough, unless upon motion it is shown that the pleading "is so ambiguous that a party cannot reasonably" respond. *Betancourt v. Marine Cargo Mgmt., Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996). "The purpose of the pleading standards under [Federal Rule of Civil Procedure] 8 is to strike at unintelligibility rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Icon Health & Fitness, Inc., v. IFITNESS, Inc.*, No. 12-20125, 2012 WL 1120925, at *6 (S.D. Fla. Apr. 3, 2012) (internal quotations and citations omitted). Nevertheless, "[a] Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot

respond, even with a simple denial, in good faith, without prejudice to itself." *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012) (citations and alteration omitted).

At the outset, the Court notes that a motion for more definite statement is not excepted from the pre-filing conference requirement in the Local Rules. *See* S.D. Fla. L.R. 7.1(a)(3) (applying to "any motion in a civil case" and listing exceptions). Nor was the pre-filing conference requirement obviated by the Court's requiring a response to the Counterclaim, as Plaintiff suggests. *See* ECF No. [52] at 5. Pursuant to Rule 12, "[a] party must serve an answer to a counterclaim . . . within 21 days of being served with the pleading that states the counterclaim[.]" Fed. R. Civ. P. 12(a)(1)(B). When Plaintiff failed to timely comply, the Court entered its Order requiring Plaintiff to file a response to the Counterclaim. The Order did not otherwise excuse Plaintiff from the conferral requirement. The parties are represented by talented attorneys who have much experience practicing in the Southern District of Florida. As such, each should be well acquainted with the requirement of eliminating disputes by reasonable agreement to the fullest extent oermitted by the bounds of zealous representation and ethical practice. Indeed, as to S.D. Fla. L.R. 7.1(a)(3), "[t]he purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion." *Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014). Upon review, it is evident that had the parties meaningfully conferred in this instance, the issue raised in the pending Motion would have been resolved.

Instead, the Court now expends the necessary time and resources to resolve an issue which the parties could have resolved, even *after* the Motion was filed and scheduled by the Court to be

heard. And despite Defendants' opposition, the Court finds the Motion to be well-taken. First, nowhere in the Answer or Counterclaim do Defendants identify that "Nicklaus Children's Health System" is a fictitious name for Miami Children's Health System, Inc., and Plaintiff is under no duty to perform independent research to confirm the existence or owner of a fictitious name in these circumstances. Second, the Answer identifies Miami Children's Health System, Inc. and Nicklaus Children's Health System Executive Severance Policy together as "NCHS," *see* ECF No. [42] at 1; at the same time that the Counterclaim is asserted by Nicklaus Children's Health System as "NCHS." *See id.* at 11. Moreover, the Counterclaim identifies Martinez as a party, and then refers to "Nicklaus Children's Hospital," which is not a party in the instant case. *Id.* at 11, ¶ 2. Thus, Plaintiff's confusion is understandable. The Counterclaim is inartfully pleaded and unclear on its face, notwithstanding the additional context and materials provided by Defendants in response to the Motion.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [49]**, is **GRANTED**. Defendants shall file their Answer, Affirmative Defenses and Amended Counterclaim clearly setting forth the party/parties asserting the Counterclaim, **no later than May 23, 2022**. Thereafter, Plaintiff shall file his response to the Counterclaim, **no later than June 2, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 9, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record