UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22700-BLOOM/Otazo-Reyes

EDDY MARTINEZ,

    Plaintiff,

v.

MIAMI CHILDREN'S HEALTH SYSTEM,
INC. and NICKLAUS CHILDREN'S
HEALTH SYSTEM,

    Defendants.
_____/

**ORDER ON MOTION TO DISMISS COUNT I OF AMENDED COUNTERCLAIM**

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant Eddy Martinez's ("Martinez") Motion to Dismiss Count I of Amended Counterclaim, ECF No. [62] ("Motion"). Defendants/Counter-Plaintiffs Miami Children's Health System, Inc. d/b/a Nicklaus Children's Health System and Nicklaus Children's Health System Executive Severance Policy (together, "NCHS") filed a Response, ECF No. [65], to which Martinez filed a Reply, ECF No. [69]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.     BACKGROUND**

The Court assumes the parties' familiarity with the underlying facts of this case, as more fully set out in the Court's Order on Motion to Dismiss, ECF No. [41]. For purposes of the instant Motion, the relevant facts are as follows. In the Complaint, ECF No. [1-2], Martinez alleges that Nicklaus Children's Hospital wrongfully terminated him without severance pay, in that NCHS denied Martinez's claims for severance benefits under the NCHS Severance Policy ("Plan"). As a

result, Martinez asserts a claim for benefits under ERISA in Count II of the Complaint.[1] Specifically, Martinez alleges that he properly made a claim for severance benefits under the Plan, and NCHS improperly denied his claim. ECF No. [1-2] ¶¶ 63-67.

NCHS has asserted counterclaims against Martinez, which in pertinent part seek declaratory relief under ERISA. *See* ECF No. [59]. Specifically, Count I of the Counterclaim seeks a declaration, pursuant to 29 U.S.C. § 1132(a)(3)(B), that NCHS's decision to deny severance in its discretion as the Plan Administrator was proper. In the Motion, Martinez seeks dismissal of Count I of the Counterclaim under Rule 12 of the Federal Rules of Civil Procedure, as redundant and duplicative of the claim for denial of benefits under ERISA asserted in Count II of the Complaint.

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required

---

[1] In its Order on Motion to Dismiss, the Court dismissed Count I of the Complaint asserting a claim for breach of contract premised upon Miami Children's Hospital CIO Severance Agreement, which the Court determined to be preempted by ERISA. *See* ECF No. [41] at 6-7. The Complaint also asserts a claim for defamation in Count III, but that claim is not implicated in the Motion.

to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), the court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006).

Furthermore, courts may dismiss a counterclaim if the counterclaim is redundant. *See Evanston Ins. Co. v. Gaddis Corp.*, No. 15-CIV-60163, 2015 WL 2070386, at *2 (S.D. Fla. May 4, 2015) (citing *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011)). When deciding whether to dismiss a counterclaim as redundant, courts consider whether the counterclaim "serves a useful purpose." *Medmarc*, 783 F. Supp. 2d at 1217. To determine whether the counterclaim serves a useful purpose, "courts should consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Id.* (internal quotation marks and citations omitted). However, "[e]ven if the counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim." *Id.* (citation omitted).

### III. DISCUSSION

Martinez argues that Count I of NCHS's Counterclaim should be dismissed as redundant because the relief requested by NCHS involves the same issues raised in his claim for severance

benefits under the Plan. Martinez contends that because the issues raised in Count I of the Counterclaim are already before the Court, continuing to allow the claim to proceed would cause unnecessary delay, expense, and waste the Court's time. In response, NCHS argues that its claim in Count I is not duplicative because the relief it requests—that the Court interpret and enforce ERISA and the Plan's policies and procedures—is different from the relief requested by Martinez and affects more than just Martinez.

However, a review of the allegations in Count I of the Counterclaim demonstrate that the relief NCHS seeks is not materially different from the relief sought by Martinez. In the Complaint, Martinez alleges that he properly made a claim for severance benefits pursuant to the Plan, that he is entitled to the severance benefits as described in the Plan, and that NCHS improperly denied his claim for benefits. *See* ECF No. [1-2] ¶¶ 64-67. Martinez seeks to recover the benefits under the Plan and to enforce his rights under the terms of the Plan. *Id*. ¶ 63. In the Counterclaim, NCHS alleges that Martinez submitted a claim for severance payments under the Plan, the claim does not qualify for severance, and the claim is not covered by the Plan's terms. ECF No. [59] ¶¶ 63-64. NCHS alleges that "[a]n actual controversy exists between Mr. Martinez and Cross-Plaintiff regarding whether these denied claims are covered and payable under the plan," that NCHS has the authority to make decisions on claims for benefits under the Plan, seeks a declaration regarding the rights and obligations of the Plan, and to enforce the terms of the Plan. *Id*. ¶¶ 65, 67. However, the relief NCHS seeks is a declaration interpreting the Plan in a manner that denies Martinez the right to severance benefits, which is in effect, the converse of the relief sought by Martinez. Thus, a resolution of Martinez's ERISA claim in Count II of the Complaint will also resolve the issues raised in Count I of the Counterclaim.

Martinez cites to a number of cases in this district that support the dismissal of a counterclaim for declaratory relief raising issues presented by existing claims and defenses. *See Centre Hill Courts Condo. Assoc., Inc. v. Rockhill Ins. Co.*, No. 19-cv-80111-BLOOM/Reinhart, 2019 WL 7899220, at *3 (S.D. Fla. 2019) (dismissing counterclaim for declaratory relief involving identical issues as in plaintiff's claim for breach of contract); *U.S. ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co*. No. 13-22536-CIV, 2014 WL 186125, at *5 (S.D. Fla. Jan. 16, 2014) (dismissing counterclaim for declaratory relief, where resolution of the plaintiff's claims and defendant's defenses would resolve questions raised in counterclaim); *It's a 10, Inc. v. Beauty Elite Grp., Inc.*, No. 13-60154-CIV, 2013 WL 4543796, at * 5 (S.D. Fla. Aug. 27, 2013) (same). In response, NCHS contends that the case law Martinez relies upon should not apply because those cases involved counterclaims that mirrored a plaintiff's claim for breach of contract; and here, Martinez's breach of contract claim has been dismissed, leaving only an ERISA claim for benefits. However, NCHS cites no authority to support the proposition that a court's discretion to dismiss a claim for declaratory relief as redundant is limited to cases involving claims for breach of contract. Indeed, courts apply the rules of contract interpretation when construing ERISA plans. *See Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan*, 833 F.3d 1299, 1307 (11th Cir. 2016) ("When crafting a body of common law, federal courts may look to state law as a model because of the states' greater experience in interpreting insurance contracts and resolving coverage disputes. Borrowing from state contract law, the district courts have further developed rules of contract interpretation for construing ERISA plans.") (citations omitted). As such, the Court does not agree that the principle stated in the cases relied upon by Martinez should not apply or that its discretion is so limited in this case.

NCHS directs the Court to *Gulf Life Insurance Company v. Arnold*, 809 F.2d 1520 (11th Cir. 1987), which NCHS argues is distinguishable, but which the Court finds to be instructive. In *Arnold*, the United States Court of Appeals for the Eleventh Circuit addressed the question of whether a fiduciary may avail itself of ERISA's broad venue provision "when the fiduciary files a declaratory judgment action seeking to determine its liability for benefits claimed by a former employee who was a participant in the fiduciary-employer's ERISA-qualified employee benefit plan." 809 F.2d at 1522. In *Arnold*, rather than deny the employee's claim for severance benefits, which the employer believed to be invalid, the employer filed suit seeking a declaration of its liability in attempts to avoid paying the former employee's claim. *Id*. at 1523-24. In filing suit instead of simply denying the employee's claim, the employer effectively prevented the employee from filing suit demanding payment under the benefit plan. *Id*. at 1522. This permitted the employer to maintain its suit in Florida, the employer's principal place of business, based on ERISA's venue provision, instead of in Tennessee, where the employee lived and worked.[2] *Id*. Ultimately, the Eleventh Circuit concluded that the employer could not avail itself of ERISA's broad venue provision, but also concluded that the employer could not maintain its suit under § 1132(a)(3)(B), which is the provision NCHS relies on here. *Id*. at 1524. NCHS argues that *Arnold* is distinguishable because it arose in the context of a plan administrator attempting to prevent a beneficiary from filing suit in his chosen venue, and that there is no such concern present here.

---

[2] ERISA's venue provision states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

The Court agrees that this case does not present the same venue concern. However, in reaching its conclusion in *Arnold*, the Eleventh Circuit also found, based on the language of the statute, "that Congress did not intend ERISA fiduciaries to use declaratory judgment actions to determine the benefit rights of participants/beneficiaries." *Id*. at 1524. While NCHS contends that its claim for declaratory relief is different from the employer's claim in *Arnold*, the Court does not agree. The main difference between *Arnold* and this case is that the employer in *Arnold* filed suit before the beneficiary. However, both the employer in *Arnold* and NCHS here seek a declaration that they are not liable to their employee for severance benefits under the governing plan. *See* ECF No. [59] ¶ 69 ("Cross-Plaintiffs seek, under 29 U.S.C. § 1132(a)(3)(B), a declaration that the claims submitted by Mr. Martinez to NCHS . . . were properly denied and are not covered or payable pursuant to NCHS's plan provisions in the NCHS Severance Policy.").

In reaching the conclusion that the employer could not maintain its suit based upon the very same statutory provision that NCHS relies upon in this case, the Eleventh Circuit observed:

> Congress stated in section 1132(a)(1) that a participant or beneficiary could bring a civil suit not only to recover benefits, but also "to clarify his rights to future benefits under the plan." 29 U.S.C.A. sec. 1132(a)(1)(B).[ ] Obviously, this section expressly acknowledges the right of participants/beneficiaries to seek a declaratory judgment; just as obviously, fiduciaries are omitted as parties that can bring such an action regarding benefits. This omission is significant. Under Gulf Life's view, participants, beneficiaries *and* fiduciaries could bring a suit for declaratory judgment under section 1132(a)(3) to clarify a participant's/beneficiary's rights to benefits. That interpretation would usurp the language of section 1132(a)(1)—in which Congress limited such actions solely to participants and beneficiaries—and thereby render section 1132(a)(1) meaningless, or at least redundant. Absent clear congressional intent to the contrary, we will assume the legislature did not intend to pass vain or meaningless legislation.

*Arnold*, 809 F.2d at 1524. The Court sees no reason for not applying the same analysis to NCHS's claim here. Indeed, NCHS cites no binding case law to the contrary.[3]

---

[3] In addition, to the extent that NCHS notes that the Declaratory Judgment Act provides an alternative basis for the declaratory relief it seeks, the Counterclaim does not plead such a basis. Moreover, the Eleventh

In Count I of the Counterclaim NCHS seeks to determine Martinez's benefit rights under the Plan. Count I of the Counterclaim is therefore duplicative of Martinez's claim in Count II of the Complaint and is due to be dismissed.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [62]**, is **GRANTED**. Count I of the Counterclaim is **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 18, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

Circuit's interpretation of ERISA in *Arnold* would preclude a claim upon such a basis, in any event. *Id*.; *see also Publix Super Markets, Inc. v. Figareau*, No. 8:19-cv-545-T-27AEP, 2019 WL 6311160, at *1, 5-6 (M.D. Fla. Nov. 25, 2019) (dismissing claim for declaratory relief based on Declaratory Judgment Act in ERISA case as redundant and unnecessary, where relief sought requested that the court construe the plan to determine participant/beneficiary rights).