UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22700-BLOOM/Otazo-Reyes

EDDY MARTINEZ,

    Plaintiff,

v.

MIAMI CHILDREN'S HEALTH SYSTEM,
INC. and NICKLAUS CHILDREN'S
HEALTH SYSTEM,

    Defendants.
_____/

**OMNIBUS ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MODIFY SCHEDULING ORDER AND DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO SERVE EXPERT DISCLOSURES**

**THIS CAUSE** is before the Court upon Plaintiff Eddy Martinez's ("Plaintiff" or "Martinez") Verified First Motion for Leave to Amend Complaint and Modify Scheduling Order and Second Order Amending Scheduling Order, ECF No. [136] ("Plaintiff's Motion"), filed on December 2, 2022, and Defendants Miami Children's Health System, Inc. and Nicklaus Children's Health System Executive Severance Policy's (together, "Defendants") Motion for Enlargement of Time to Serve Expert Disclosures, ECF No. [148] ("Defendants' Motion"), filed on December 15, 2022. The Court has carefully considered the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied, and Defendants' Motion is granted in part.

    **I.**    **BACKGROUND**

This case concerns Martinez's alleged wrongful termination by Nicklaus Children's Hospital, without severance pay. *See* ECF No. [1-2]. Plaintiff asserts claims under ERISA and for

defamation related to his alleged wrongful termination. *Id*. Defendants assert a Counterclaim for breach of fiduciary duty against Martinez. *See* ECF No. [59].

On August 18, 2021, the Court entered its Scheduling Order, ECF No. [18], setting a deadline of October 18, 2021 for amendment of pleadings.[1] In Plaintiff's Motion, filed over a year after expiration of the deadline for amendment to the pleadings, Plaintiff requests that the Court grant leave to amend his Complaint to assert an additional claim for interference with protected rights pursuant to 29 U.S.C. § 1140 regarding his wrongful discharge, and to "clean up changes" to the Complaint.[2] Specifically, Plaintiff seeks to amend his Complaint because (1) he has learned that the primary reason for his firing for cause was to wrongfully deny him severance benefits; and (2) to reflect the Court's rulings across the various motions to dismiss and clarify or further detail the factual allegations.

Defendants oppose the request, contending that Plaintiff has not been diligent in seeking leave to amend and cannot establish the necessary good cause. Defendants assert that there are no newly discovered facts to support the additional cause of action, and that even if there were, Plaintiff fails to explain why he could not have discovered those facts prior to expiration of the amendment deadline.

## II.     LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

---

[1] The Court has since entered two orders extending the deadlines in this case, *see* ECF Nos. [58], [125], but neither order modified the initial deadline for amendment to the pleadings, which had expired months earlier.
[2] Implicit in Plaintiff's Motion is the fact that if the Court permits leave to amend, all remaining pretrial deadlines and the trial in this case will also have to be extended.

15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

A scheduling order may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When, as here, a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Accordingly, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Sosa*, 133 F.3d. at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information

supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* But, if the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### III.  DISCUSSION

#### A. Plaintiff's Motion

Upon review, Plaintiff fails to show the good cause necessary to justify leave to amend at this late stage – over one year after expiration of the deadline for leave to amend set in the Court's Scheduling Order.

Plaintiff provides the following with respect to why good cause exists in this case: (1) Plaintiff has been diligent despite the fact that Defendant is a "very large corporation with revenue approaching a billion dollars," and "who has engaged in every effort to wear down the Plaintiff in this case and deny him his severance benefits with an avalanche of pleadings and discovery[;]" (2) Defendants have "thwarted" Plaintiff's discovery efforts; and, (3) Defendants have threatened litigation against some previous employees if they cooperate or assist Plaintiff. *See* ECF No. [136] at 5. However, despite those reasons given, Plaintiff has not shown that he has been diligent or that good cause exists for his failure to timely seek leave to amend or extend the time to amend.

First, the fact that Defendant NCHS is a large corporation is irrelevant to the Court's inquiry with respect to Plaintiff's diligence in seeking leave to amend. Second, Plaintiff fails to explain how Defendants have "thwarted" his discovery efforts, or otherwise prevented him from learning the necessary facts. Indeed, upon review of the record, Plaintiff asserts in the Complaint

4

that the denial of severance benefits was "infected with bias" and "wrong on the merits, unreasonable, lack[ing] substantial evidence, and [being] wholly arbitrary and capricious." ECF No. [1-2] at ¶ 43, and the claim that Plaintiff now seeks to add for interference with protected rights relies on substantially the same contentions. Third, Plaintiff's assertion that Defendants threatened litigation against potential witnesses is a serious accusation not supported by any evidence.

Although Plaintiff notes the procedural history of this case, including delays caused by initial motion practice and the timing of the Court's rulings on those motions, Plaintiff did not timely seek an extension of the deadline for amendment to the pleadings, even though the Court granted previous extensions to other deadlines in this case. Tellingly, Plaintiff's Motion provides no citations to authority that would support a finding of good cause under the circumstances and the Court finds that no good cause exists.

Accordingly, the Court's inquiry ends. *Sosa*, 133 F.3d at 1418.

**B. Defendants' Motion**

In Defendants' Motion, Defendants request a thirty (30) day extension of the deadlines to exchange expert and rebuttal expert disclosures because Plaintiff's deposition is set to take place on December 20, 2022. The Certificate of Conferral indicates that the parties agree generally with respect to extension of the expert deadlines, but Plaintiff favors a much longer extension, presumably due to his request for leave to amend. *See* ECF No. [148] at 5.

Upon review, and based upon the parties' agreement in principle to the extension of the expert disclosure deadlines, the Court grants Defendants' request in part as follows:

| | |
|---|---|
| **January 3, 2023** | Parties disclose experts and exchange expert witness summaries or reports. |
| **January 16, 2023** | Parties exchange rebuttal expert witness summaries or reports. |

Case No. 21-cv-22700-BLOOM/Otazo-Reyes

| | |
|---|---|
| **January 27, 2023** | All discovery, including expert discovery, is completed. |
| **February 13, 2023** | All pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed. **This deadline includes all <u>dispositive motions</u>**, and is the deadline for the parties to consent to jurisdiction by the Magistrate Judge. |

### IV.   CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [136]**, is **DENIED**, and Defendant's Motion, **ECF No. [148]**, is **GRANTED IN PART AND DENIED IN PART**, as set forth in this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 19, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record