UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22700-BLOOM/Otazo-Reyes

EDDY MARTINEZ,

    Plaintiff,

v.

MIAMI CHILDREN'S HEALTH SYSTEM,
INC. and NICKLAUS CHILDREN'S
HEALTH SYSTEM,

    Defendants.
_____/

**ORDER ON MOTION FOR LEAVE TO DISMISS COUNTERCLAIM**

**THIS CAUSE** is before the Court upon Defendants Miami Children's Health System, Inc. and Nicklaus Children's Health System Executive Severance Policy's Motion for Leave to Dismiss Counterclaim, ECF No. [152] ("Motion"), filed on December 27, 2022. Plaintiff Eddy Martinez filed Response, ECF No. [168], to which Defendants filed a Reply, ECF No. [172]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.      BACKGROUND**

The Court assumes the reader's familiarity with the underlying facts of this case, as more fully set out in the Court's Order on Motion to Dismiss, ECF No. [41]. For purposes of the instant Motion, the relevant facts are as follows. In the Complaint, ECF No. [1-2], Plaintiff alleges that Nicklaus Children's Hospital wrongfully terminated him without severance pay, in violation of ERISA, and defamed him.

On January 10, 2022, Defendants asserted two counterclaims: Declaratory Relief Under ERISA (Count I), and Breach of Fiduciary Duty (Count II). *See* ECF No. [42]. Plaintiff moved for a more definite statement, *see* ECF No. [49], which the Court granted, ECF No. [55]. On May 23, 2022, Defendants filed an Amended Counterclaim in which they realleged the same two Counts. ECF No. [59]. Plaintiff moved to dismiss Count I of the Counterclaim. ECF No. [62]. Following briefing, the Court dismissed that Count with prejudice on August 18, 2022, finding it duplicative of a Count within Plaintiff's Complaint. *See* ECF No. [85].

In the instant Motion, Defendants seek leave to dismiss the remaining Count of its Counterclaim without prejudice "in order to streamline the issues relevant to any dispositive motion and/or eventual trial of this matter." ECF No. [152] at 2.

Plaintiff opposes the Motion on the ground that he "has incurred substantial attorneys' fees and costs in defending against the Defendants' Counterclaim," so "it would be inequitable to dismiss [it] absent a ruling on the Plaintiff's entitlement to attorneys' fees and costs incurred by the Plaintiff relating to the Counterclaim." ECF No. [168] at 5-6.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(a), a counterclaimant must seek a court order to voluntarily dismiss a counterclaim to which the opposing party has already filed an answer. "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then* [sic] *the mere prospect of a subsequent lawsuit*, as a result." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co.*, Inc., 781 F.2d 855, 857 (11th Cir.1986)). "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Id*. (quotation marks omitted). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the

relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1256 (quotation marks omitted).

### III. DISCUSSION

Having carefully reviewed Plaintiff's Opposition, the Court finds that he has failed to show that "clear legal prejudice" would result from granting Defendants' Motion. *Pontenberg*, 252 F.3d at 1255 (quotation marks omitted). Plaintiff has set forth no "substantial right" that he would lose by dismissal without prejudice. *Id.* (quotation marks omitted).

Plaintiff's primary argument is that he "has incurred substantial attorneys' fees and costs in defending against the Defendants' Counterclaim[.]" ECF No. [168] at 5. As Defendants correctly point out, Plaintiff's contention that it has incurred inordinate costs relating to the Counterclaim is belied by Plaintiff's assertion that "the alleged factual basis for the Counterclaim that Defendants now seek to dismiss . . . are [sic] the same as the alleged basis for the denial of the Plaintiff's severance benefits, which gave rise to this litigation and remains central to Plaintiff's claims in this litigation." ECF No. [168] at 5. Thus, any discovery relating to the Counterclaim was likely also relevant to the Plaintiff's claims.

On the other hand, as described in the Background section above, the Counterclaim has resulted in several unnecessary rounds of briefing. The time devoted to those briefings is not negligible. However, "it cannot be said that considerable litigation costs have been expended as to these particular counterclaims." *Kingdomworks Studios, LLC v. Kingdom Story Company, LLC*, No. 19-cv-14238, 2022 WL 820417, at *1 (S.D. Fla. Feb. 11, 2022); *see also Pontenberg*, 252 F.3d at 1256 (concluding that "plain legal prejudice" is not necessarily shown even if a party seeks dismissal of a claim at the summary judgment stage).

3

The Court concludes that the most just and efficient way to address the time and resources expended on Defendants' Counterclaims is through a proper Motion for Attorneys' fees at the conclusion of this case. *See Uhlig LLC v. Cherry*, No. 21-cv-80837, 2022 WL 2116580, at *5 (S.D. Fla. June 13, 2022) (noting that entitlement to attorneys' fees and costs "is an entirely separate matter" from the issue of whether a claim should be dismissed without prejudice). That is, the resources that were expended on the Counterclaim will be added or subtracted from the total amount of attorneys' fees recoverable, depending on which party is ultimately entitled to attorneys' fees in this action.

Moreover, to the extent that Defendants refile their Counterclaim in a subsequent action, the court in that action may order Defendants to "pay all or part of the costs" that Plaintiff incurred in this case relating to the Counterclaim. Fed. R. Civ. P. 41(d). There is no basis for the Court to impose refiling conditions at this juncture.

In sum, Plaintiff has failed to show that "clear legal prejudice" would result from granting Defendants' Motion. *Pontenberg*, 252 F.3d at 1255 (quotation marks omitted).

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [152]**, is **GRANTED**. Count II of Defendants' Counterclaim, ECF No. [59], is **DISMISSED WITHOUT PREJUDICE**.

Case No. 21-cv-22700-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2023.

                                                   **BETH BLOOM**
                                                   **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record