UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22700-BLOOM/Otazo-Reyes**

EDDY MARTINEZ,

    Plaintiff,

v.

MIAMI CHILDREN'S HEALTH SYSTEM,
INC. and NICKLAUS CHILDREN'S
HEALTH SYSTEM,

    Defendants.
_____/

## ORDER ON OBJECTIONS TO DISCOVERY ORDER

**THIS CAUSE** is before the Court upon Defendants Miami Children's Health System, Inc. and Nicklaus Children's Health System Executive Severance Policy's (collectively, "Defendants") Objections to the Magistrate Judge's Supplemental Order, ECF No. [180] ("Objections"), filed on January 19, 2023. The Court has carefully reviewed the Objections, the record in this case, the applicable law, and is otherwise fully advised. Due to the pending discovery deadlines, the fact that Defendants' Objections are intertwined with Plaintiff's requests to extend those deadlines, and the Court's determination that Defendants' Objections are without merit, the Court need not wait for a Response from Plaintiff. For the reasons set forth below, the Objections are overruled.

**I.   BACKGROUND**

This case concerns Plaintiff's alleged wrongful termination by Nicklaus Children's Hospital (the "Hospital"), without sufficient severance pay, in violation of ERISA. *See* ECF No. [1-2]. Following his termination, Plaintiff sent claims for severance benefits to the Hospital. *Id*. at 9. The Hospital engaged the law firm of Hogan Lovells to handle Plaintiff's claims. ECF No. [1-

2] at 44. On February 24, 2020, a lawyer from that law firm, Marty Steinberg ("Steinberg"), wrote to Plaintiff on behalf of the Hospital to notify Plaintiff that his severance claims were denied. ECF No. [1-2] at 46. Plaintiff's subsequent appeal of that decision was also denied by Steinberg, on behalf of the Hospital, in a letter sent on August 24, 2020. *Id*. at 11.

At issue in the present Objections is whether pre-suit communications between the Hospital and Hogan Lovells regarding Plaintiff's claims are protected by the attorney-client privilege. *See* ECF No. [169]. The Magistrate Judge determined they were not, pursuant to the fiduciary exception applicable to ERISA cases. *Id*. at 2. Defendants Object, arguing that the Magistrate Judge's decision is inconsistent with her prior discovery decision, it is premature, and it is an incorrect application of the fiduciary exception. *See generally* ECF No. [180]. Defendants' Objections contains an additional section entitled "Settlement Privilege," which, as will be discussed at the end of this Order, has no apparent relation to the Magistrate Judge's decision to which Defendants are objecting. *See id.* at 16-20.

## II. LEGAL STANDARD

The court reviews the Magistrate Judge's non-dispositive rulings according to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court "finds that the Magistrate Judge abused h[er] discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal error, a district

court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (*quoting S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

### III. DISCUSSION

The Court addresses Defendants' arguments in the order they appear within Defendants' Objections. ECF No. [180].

#### A. The Fiduciary Exception

Regarding the Magistrate Judge's determination that the fiduciary exception allows discovery into pre-suit communications between the Hospital and Hogan Lovells, Defendants first argue that this determination conflicts with the Magistrate Judge's earlier decision to quash a subpoena issued to Steinberg for the same information. ECF No. [180] at 5 (citing ECF No. [119]). However, even assuming that the Magistrate Judge's two rulings are inconsistent, Defendants have cited no authority for the proposition that a Magistrate Judge abuses her discretion by reconsidering or revising an earlier discovery decision. Reconsideration of discovery decisions is routine and, in itself, not indicative of legal error or abuse of discretion. *See, e.g.*, *Kleiman v. Wright*, 18-cv-80176, 2020 WL 996855 (S.D. Fla. 2020); *Kabelis v. NCL (Bahamas) Ltd.*, 20-cv-21430, 2021 WL 790067 (S.D. Fla. 2021).

Second, Defendants argue that the Magistrate Judge's decision is "premature." ECF No. [180] at 6 (citing *Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1355 (11th Cir. 2011)). Defendants rely on *Blankenship's* five-step framework for the proposition that a district court must first determine that an administrator's decision was "wrong" prior to considering whether the fiduciary exception applies. *Id*. at 7-8. However, the Eleventh Circuit has made clear that, prior to

3

conducting the five-step inquiry described in *Blankenship*, a district court must first ensure that the administrator conducted a "full and fair review" of the claim. *Boysen v. Illinois Tool Works Inc. Separation Pay Plan*, 767 F. App'x 799, 807 (11th Cir. 2019). Put differently, a court "cannot evaluate a plan administrator's ultimate decision to deny a claim without first considering whether the record the administrator had before it was complete." *Id.* (cleaned up). The discovery sought by Plaintiff directly relates to the completeness of the administrative record, so it is by no means premature for the Magistrate Judge to rule on the scope of such discovery.

Third, Defendants point to differences between this case and *Johnston v. Aetna Life Ins. Co.*, 282 F. Supp. 3d 1303, 1305 (S.D. Fla. 2017), the primary case that the Magistrate Judge relied upon in her ruling, ECF No. [180] at 8-9. Defendants contend that the Magistrate Judge erroneously applied the fiduciary exception in the circumstances of this case. The Court is not convinced.

"In the ERISA context, the fiduciary exception is based on the assumption that the trustee or administrator cannot assert the [attorney-client] privilege against a beneficiary of the plan because the trustee is presumed to be acting for the benefit of the beneficiary." *Johnston*, 282 F. Supp. 3d at 1315. "Therefore, when seeking legal advice, the trustee or administrator does not do so on its own behalf, but on behalf of the beneficiary (i.e., the claimant)." *Id.* "Under the fiduciary exception to the attorney-client privilege, an ERISA fiduciary may be required to produce communications with counsel that are 'intended to assist in the administration of the plan.'" *Id.* (quoting *Moore v. Met. Life Ins. Co.*, 799 F. Supp.2d 1290, 1293 (M.D. Ala. 2011)). On the other hand, "where a plan fiduciary retains counsel in order to defend herself against the plan beneficiary, the exception does not apply." *Id.* at 1316 (quotation marks omitted).

4

Here, it appears that Hogan Lovells was hired for two purposes: (a) to investigate and adjudicate Plaintiff's entitlement to severance under the plan; and (b) to defend Defendants in subsequent litigation. The fiduciary exception applies to Hogan Lovell's activities in its former role, but not the latter. As *Johnston* recognized, the clearest place to draw the line in such circumstances is at "the final decision to deny benefits." 282 F. Supp. 3d at 1317 (quoting *Harvey v. Standard Ins. Co.*, 275 F.R.D. 629, 633 (N.D. Ala. 2011)). Thus, attorney-client communications prior to the final decision to deny Plaintiff benefits are covered by the fiduciary exemption, yet communications subsequent to that decision are presumptively not. That is precisely what the Magistrate Judge ordered: "materials that pertain to the denial of benefits through appeal but prior to the institution of this litigation" are discoverable, but "[m]aterials that post-date the filing of this action are presumptively privileged[.]" ECF No. [169] at 3.

Accordingly, the Court concludes that the Magistrate Judge's decision is consistent with *Johnston* and binding law concerning the fiduciary exception. Thus, Defendants have failed to demonstrate that the Magistrate Judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

**B. Settlement Privilege**

Defendants' Objections conclude with a section entitled "Settlement Privilege," which discusses Plaintiff's attempt to depose a certain Robert Dickinson and the confidentiality of statements made during a purported settlement negotiation. ECF No. [180] at 16. The Court has considered the Magistrate Judge's Order, ECF No. [169], to which Defendants are ostensibly objecting, but finds no mention of Robert Dickinson or discussion of settlement communications. As such, it is entirely unclear what discovery decision the Defendants are asking the Court to review, because Defendants have not "specifically set forth the order, or part thereof," that they

5

are appealing. S.D. Fla. Mag. J. L.R. 4(a)(1). Having neglected to direct the Court to the Magistrate Judge's decision they are appealing, Defendants have necessarily failed to show that any such decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Objections, **ECF No. [180]**, are **OVERRULED**.

2. The parties shall conduct the meet and confer session described in the Magistrate's Order, ECF No. [169] at 3, **no later than January 30, 2023**.

3. Because Defendants' Objections has effectively delayed Plaintiff's ability to obtain discovery, the Court will extend the discovery period to give Plaintiff an opportunity to review the requested documents and conduct additional depositions, if necessary. The Court will do so in a separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 25, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record